UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
ALEXIS PADILLA,

                Petitioner,               07 Civ. 5957 (DAB)
                                                    MEMORANDUM AND ORDER
    v.

THOMAS LaBALLEY, Superintendent of Clinton
Correctional Facility,

                Defendant.
------------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    On November 18, 2010, United States Magistrate Judge Debra Freeman issued a Report and Recommendation (the "Report"), recommending that Petitioner's Petition for a Writ of Habeas Corpus be denied. (Report at 1-2, 17.) For the reasons set forth below, after a _de novo_ review following Petitioner's objections, Judge Freeman's Report and Recommendation dated November 18, 2010 shall be ADOPTED in its entirety. Accordingly, the Court DENIES Petitioner's Petition for a Writ of Habeas Corpus.

I. BACKGROUND

    At the criminal trial, the prosecution called only one eyewitness, Ellis, to testify to the incident.[1] (Report at 4.) Petitioner's counsel questioned Ellis as to whether he had any prior trouble with the law. (Transcript of Jury Trial Held May

---

[1] Judge Freeman gives a detailed factual background in her Report and Recommendation. (Report at 4-8.) The Court will only explain the background as relevant for deciding _de novo_ the objections made by the Petitioner.

25-27, 2004 ("Tr." at 104.) Ellis denied ever being "caught by the police" or "stopped by the police" for any matter. (Tr. at 104.)

During the next recess, the prosecution voluntarily disclosed that Ellis had "an arrest history, that resulted in the case being sealed," but he did not have a criminal record. (Tr. at 108.) The trial court explained, "[S]ealed means there has been a finding that there was no criminal liability." (Tr. at 108.) Petitioner's counsel argued that, even though the record was sealed, he had the right to cross-examine Ellis about the underlying bad act. (Tr. at 108-09.) In rejecting the request, the court stated, "[T]he People aren't aware of it because it's sealed by the court, so I think we won't go there at this point." (Tr. at 109.) Defense counsel noted his objection. (Tr. at 109.)

After his conviction, Petitioner filed a direct appeal to the New York Appellate Division, claiming he was denied due process when the trial court refused to allow him to confront Ellis about the facts underlying Ellis's sealed arrest record. (Report at 6.) On April 20, 2006, the Appellate Division affirmed Petitioner's conviction, holding the trial court properly exercised its discretion in precluding cross-examination because Petitioner "was unable to establish a good faith basis for questioning the witness since the facts surrounding the arrest were not revealed and it was not even known if they involved any

2

'bad acts.'" People v. Padilla, 812 N.Y.S.2d 530, 531 (N.Y. 1st Dept 2006). The Appellate Division also held, "The court's ruling did not impair [Petitioner's] right to confront the witness." Id. (citation omitted).

Petitioner sought leave to appeal to the New York State Court of Appeals, asserting the same constitutional claim. (Report at 7.) On July 13, 2006 the New York Court of Appeals denied leave to appeal. People v. Padilla, 7 N.Y.3d 792 (N.Y. 2006).

Petitioner filed a federal habeas petition pro se on May 24, 2007. (Pet.) He claimed that he was entitled to habeas relief on the same ground he asserted to the New York appellate courts. (Pet. at 4.) After eventually receiving appointed counsel, on December 20, 2008 Petitioner's counsel filed a memorandum of law, arguing in further detail as to why his constitutional rights were violated when he was not allowed to impeach Ellis's credibility as related to Ellis's arrest record. (See Pet. Mem.)

Judge Freeman issued a Report and Recommendation on November 18, 2010, recommending that Petitioner's Petition for a Writ of Habeas Corpus be denied. Petitioner submitted a timely Objection to the Report on November 30, 2010. Respondent did not submit a response.

## II. STANDARD OF REVIEW

A. Standard of Review of a Federal Constitutional Claim Adjudicated by a State Court

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court must afford substantial deference to a state court's decision when a federal constitutional claim has been adjudicated on the merits by a state court. See 28 U.S.C. § 2254(d); see also Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001). So long as a state court's decision is not manifestly unreasonable, its factual findings are presumed correct and can only be overcome by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Regarding its legal findings, a state court's decision will only be overturned if it unreasonably applied clearly established federal law. Lockyer v. Andrade, 538 U.S. 63, 73-76 (2003); Wiggins v. Smith, 539 U.S. 510, 520-21 (2003) (explaining the application "must have been more than incorrect or erroneous" but rather "objectively unreasonable") (quoting Williams v. Taylor, 529 U.S. 362, 409 (2000)). Clearly established federal law only refers to Supreme Court holdings at the time of a state court's decision. Carey v. Musladin, 549 U.S. 70, 74 (2006).

4

### B. Standard of Review of a Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). After conducting the appropriate

levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

Petitioner objects to the Report on two grounds. First, he argues the Report improperly drew inferences regarding People v. Ellis, 184 A.D. 2d 307 (N.Y. 1st Dept. 1992), when determining that Petitioner was not deprived of his confrontation right. (Obj. at 2-3.) Petitioner also objects to the Report's recommendation not to issue a certificate of appealability ("COA"). (Obj. at 2.) The Court reviews the Report de novo regarding the two specific objections by Petitioner.

The remainder of Petitioner's Objections to the Report is taken nearly verbatim from Petitioner's Reply Memorandum of Law, which was filed on December 20, 2008. Compare Obj. at 4-14 with Reply Mem. at 2-21. Indeed, Petitioner's Objection is mistakenly labeled "Petitioners Reply Memorandum of Law." (Obj. at 1.) Save the two aforementioned objections, all other objections merely rehash arguments fairly presented to the Magistrate and do not trigger de novo review. See Indymac Bank, 2008 WL 4810043, at *1. The Court, having reviewed the relevant portions of the Report, finds no clear error in Judge Freeman's well-reasoned legal conclusions.

III. OBJECTIONS TO THE REPORT AND RECOMMENDATION

A. Clearly Established Federal Law Regarding Cross-Examination

The Supreme Court has held that a criminal defendant may not be prevented from cross-examining a witness regarding the witness's potential bias, Davis v. Alaska, 415 U.S. 308, 316 (1974), or motive. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). However, as explained in great detail in Judge Freeman's Report, the Supreme Court has not clearly established whether there is a Sixth Amendment right to cross-examination regarding a witness's general credibility. (Report at 12-16.) Indeed, circuit court decisions have been inconsistent in holding whether curtailing general credibility cross-examination, as opposed to curtailing cross-examination related to bias, motive, or prejudice, is constitutionally protected. Compare Quinn v. Haynes, 234 F.3d 837, 844 (4th Cir. 2000) (rejecting petitioner's claim under ADEPA where petitioner was prevented from attacking complainant's general credibility) and Boggs v. Collins, 226 F.3d 728, 737 (6th Cir. 2000) ("[C]ross-examination as to bias, motive or prejudice is constitutionally protected, but cross-examination as to general credibility is not.") with Vasquez v. Jones, 496 F.3d 564, 571-72 (6th Cir. 2007) (noting there is a right to cross-examination as to both bias and general credibility).

B. Application of People v. Ellis

Petitioner aruges Judge Freeman erroneously interpretted Ellis as holding that a witness may testify he has not been arrested if the arrest was sealed pursuant to Section 160.50 of New York Criminal Procedure Law. (Obj. at 3-4.) Under New York Criminal Procedure Law, when a criminal action or matter against a person is terminated in favor of that person, "the record of such action or proceeding shall be sealed." N.Y.C.P.L. § 160.50(1). Once an action is sealed pursuant to Section 160.50, "the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution." N.Y.C.P.L. § 160.60. That person will not be required to "divulge information pertaining to the arrest or prosecution" unless "specifically required or permitted by statute or upon authorization of a superior court." N.Y.C.P.L. § 160.60.

During the trial underlying the Ellis decision, defense counsel elicited testimony that the complainant had two prior arrests that had been sealed. Ellis, 184 A.D. at 308. The trial court precluded cross-examination regarding those two arrests and struck the testimony that divulged them. Id. Because of the preclusion, the defendant argued he was deprived of exculpatory material. Id. Applying Section 160.60, the court in Ellis held,

8

"It was not error for the prosecutor to fail to disclose such confidential information, nor was it error for the complainant to deny the existence of prior arrests during direct examination." Id.

Here, Petitioner attempts to distinguish his case from Ellis, noting that in his case, the witness actually perjured himself whereas in Ellis the court precluded further cross-examination. (Obj. at 3-4.) No such distinction exists. In Ellis, as in Petitioner's case, the witness initially testified that the two arrests had not occurred. Ellis, 184 A.D. at 308 ("[N]or was it error for the complainant to deny the existence of prior arrests."). Furthermore, in Petitioner's case the superior court never authorized the witness to divulge his sealed arrests; indeed the court expressly rejected such testimony. (See Tr. 108-09.) Accordingly, the witness in Petitioner's case was permitted by state law to testify that he had never been arrested, and Petitioner had no basis to impeach the witness's general credibility on that point. Petitioner, therefore, was never deprived of his Sixth Amendment right to confront a witness.

It should be noted that even if Judge Freeman erroneously applied and interpreted Ellis, Petitioner's Petition would still be denied. Even if Petitioner's cross-examination right was

violated, the New York Appellate Division did not unreasonably apply clearly established federal law since the law on the issue of cross-examination regarding a witness's general bias is not clearly established.

C.   Certificate of Appealability

Petitioner claims that reasonable jurists would disagree as to whether he has made a substantial showing that precluding the examination of perjury was contrary to established law, and therefore, a COA should be issued. (Obj. at 16.) Under 28 U.S.C. § 2254(c), a state prisoner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of his petition. Miller-el v. Cockrell, 537 U.S. 322, 335 (2003). A COA only may be issued where a petitioner has made a substantial showing a constitutional violation. Id. at 336. "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 338 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Although Petitioner claims the constitutionality of precluding cross-examination regarding Ellis's credibility and alleged perjury stemming from his arrest-related testimony is debatable among reasonable jurists, Petitioner fails to explain

why. As aforementioned, whether a criminal defendant has a constitutional right to cross-examine a witness's general credibility is not clearly established federal law. Thus, while it is possible, as Petitioner argues and as evidenced by the inconsistent results among the circuit courts, that reasonable jurists would disagree as to whether Petitioner's cross-examination right was infringed upon, no reasonable jurist would believe that the New York Appellate Division failed to apply or misapplied clearly established federal law. Accordingly, this Court ADOPTS the recommendation to decline to issue a COA.

IV. CONCLUSION

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Debra Freeman dated November 18, 2010, this Court APPROVES, ADOPTS, and RATIFIES the Report's factual recitations and legal conclusions in their entirety. Accordingly, Petitioner's petition is DENIED in its entirety. The Clerk of Court is directed to close the docket in this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose

of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253.

SO ORDERED.

Dated:   New York, New York

September 28, 2012

_Deborah A. Betts_
Deborah A. Batts
United States District Judge